

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Paul T. Holt
County Attorney
Travis County
Austin, Texas

Attention: William Yelderman

Dear Sir:

Opinion No. O-5597
Re: Construction of certain
provisions of House Bill
No. 170, 48th Legisla-
ture, regarding regis-
tration of brands and
marks.

This will acknowledge receipt of your letter of recent date requesting the opinion of this department upon the above stated subject. We quote from your letter as follows:

"At the request of the County Clerk of Travis County, Texas, I am asking your Department to construe certain provisions of H. B. 170, which became effective on August 10, 1943. H. B. 170 adds a new article to the Revised Civil Statutes to be numbered Art. 6899.

"The first paragraph of the article provides that all county brands shall become void as of October 1, 1943, and requests every person who has cattle, hogs, sheep or goats to record or re-record his brand in accordance with Art. 6890 and Art. 6898. The second paragraph of the new

Hon. Paul T. Holt, Page 2

article provides that the legal owner of a
brand and/or mark shall have a preferential
right to record such brand or mark for a per-
iod of two years from the first day of October,
1943. The fourth paragraph of the new article
provides that any person may record such brand
and/or mark as he may desire to use provided no
other person has recorded such brand or mark
without regard to whether or not such person
has previously recorded a brand and/or mark.

"Under date of July 31, 1943, in Opinion
No. O-5459, your Department held that no person
could record more than one brand. The fourth
paragraph of H. B. 170 seems to indicate that
a person may record more than one mark or brand
because it is specifically provided that any
person may record any brand and/or mark provided
no other person has recorded such brand and/or
mark, and without regard to whether or not such
person has previously recorded such brand and/or
mark.

"The specific inquiry made is whether or
not H. B. 170 has the effect of setting aside
after its effective date the opinion your Depart-
ment rendered on July 31, 1943."

House Bill No. 170, in part, provides as follows:

"All records of marks and brands heretofore
made as provided in this Chapter, except all county
brands, shall become void and of no force and effect
on the 1st day of October, 1943, and every person
who has cattle, hogs, sheep, or goats shall have
his mark and brand recorded or re-recorded in ac-
cordance with Article 6890 and Article 6898.

"The legal owner of a brand and/or mark
shall have a preferential right to record such
brand and/or mark for a period of two (2) years

from the 1st day of October, 1943, but if such preferential right is not exercised within such two (2) years the same shall be forfeited and such brand and/or mark shall be subject to registration by any person, and the first person to record the same shall be the owner of the same.

"Any brand recorded in accordance with the requirements of this Act shall be considered as the property of the person causing such record to be made and shall be subject to sale, assignment, transfer, devise and descent the same as other personal property.

"Any person may record such brand and/or mark as he may desire to use provided no other person has recorded such brand and/or mark, without regard to whether or not such person has previously recorded a brand and/or mark.

"This Act shall not apply to any county which shall have re-recorded all brands and marks within the past five (5) years."

Article 6890, Revised Civil Statutes, provides:

"Every person who has cattle, hogs, sheep or goats shall have an ear mark and brand differing from the ear mark and brand of his neighbors, which ear mark and brand shall be recorded by the county clerk of the county where such animals shall be. No person shall use more than one brand, but may record his brand in as many counties as he deems necessary."

In Opinion No. O-5459, we held that our statutes dealing with brands and marks contemplate and have been so construed by our courts that a person may use or record for use only one brand.

Hon. Paul T. Holt, Page 4

It is our opinion that House Bill No. 170 merely voids all marks and brands, except county brands, as of October 1, 1943, and requires a re-recording of all brands and marks, and does not attempt to change the law with reference to the number of brands an individual may record for use. This is evident from the wording of the said bill in that the new recordings should be in accordance with Articles 6890 and 6898 of the Revised Civil Statutes. Article 6890 in unequivocal language specifies that no person shall use more than one brand. Furthermore, we have a penal statute prohibiting the use of more than one brand by an individual. Article 1484, Vernon's Annotated Penal Code.

You have called our attention to paragraph four of House Bill No. 170, above quoted, and have expressed the opinion that the last clause thereof indicates a person can record more than one brand. You are undoubtedly interpreting the word "previously" as not referring to brands recorded prior to October 1, 1943, but rather to any prior recorded brand. It is a well settled rule in interpreting a statute, that every part thereof is to be considered in connection with every other part. In case of doubt as to the meaning of a particular clause or section, it is to be viewed in light of all the language employed. A provision will not be given a meaning out of harmony with other provisions and inconsistent with the purpose of the act although it may be susceptible of such construction if standing alone. 39 Tex. Jur. p. 211 and 212. As we have heretofore stated, House Bill No. 170 deals with voiding prior brands, except county brands, on October 1, 1943, and providing for new recordings. With this purpose in mind, we construe this fourth paragraph to mean a person may record any brand and mark he desires to use, if such brand has not been recorded by some one else, notwithstanding whether or not he has prior to October 1, 1943, recorded a brand or mark.

We further do not believe this fourth paragraph, even standing alone, is susceptible to the construction of permitting a person to record more than one brand. This paragraph provides that any person may record such brand and/or mark as he desires to use; it will be noticed that it speaks of such brand and mark a person desires to use, and in this respect brand and mark are in the singular. Of course, if a person desires to use a brand different than his record brand, he may for good cause change the

Hon. Paul T. Holt, Page 5

record thereof. We so held in our Opinion No. 0-5459.

It is therefore the opinion of this department that House Bill No. 170, 48th Legislature, does not permit a person to record more than one brand.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Fred C. Chandler*
    Fred C. Chandler
      Assistant

By *Robert O. Koch*
    Robert O. Koch

ROK:fo    APPROVED SEP 15, 1943

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
*BWB*